IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| BRITTANY LANDRY, | ) | |
|---|---|---|
| Plaintiff | ) | Civil Action No. _____ |
| v. | ) | COMPLAINT AND |
|  | ) | JURY TRIAL DEMAND |
| ANCHOR36, LLC; ANCHOR36 LOGISTICS, LLC; and COURTNEY RICHARD; | ) | COLLECTIVE ACTION |
| Defendants | ) | |

Plaintiff Brittany Landry, through undersigned counsel, hereby alleges as follows:

## THE PARTIES

1. Brittany Landry is an individual of the full age of majority and a resident of East Baton Rouge Parish, Louisiana. During the time period at issue in this lawsuit, she resided in Jefferson Parish, Louisiana.

2. Defendant Anchor36, LLC, is a Louisiana limited liability company with its principal place of business in Jefferson Parish, Louisiana.

3. Defendant Anchor36 Logistics, LLC, is a Louisiana limited liability company with its principal place of business in Jefferson Parish, Louisiana.

4. Defendant Courtney Richard is a member and a manager of both Anchor 36, LLC, and Anchor36 Logistics, LLC. On information and belief, she is the sole member and sole owner of both Anchor 36, LLC, and Anchor36 Logistics, LLC.

5. Defendants operate a business specializing in interstate trucking and logistics. Their principal place of business is located at 10417 Ware Street in River Ridge, Louisiana. Prior to October

2016, the principal place of business was located at 6 East 3rd Street, Suite C, in Kenner, Louisiana.

## JURISDICTION AND VENUE

6. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. The events and omissions alleged herein took place primarily in Jefferson Parish, Louisiana. This Court is therefore the appropriate venue for this action. 28 U.S.C. § 98(a); 28 U.S.C. § 1391(b).

8. Defendants are engaged in commerce pursuant to 29 U.S.C. § 206(s).

9. Defendants' annual volume of sales made and business done exceeded $500,000 during each year Ms. Landry was employed with Defendants.

10. Defendants have a common business purpose and exercise unified operation and common control. They therefore qualify as an enterprise pursuant to 29 U.S.C. § 203(r).

11. Defendant Richard exercised close supervisory authority over Ms. Landry and all of Defendants' other employees. She is the sole manager of the corporate Defendants and acts, or has the power to act, on behalf of the corporate Defendants. She is therefore individually responsible for the violations of law set forth herein.

## FACTUAL ALLEGATIONS

12. Ms. Landry was hired by Defendants in April 2013, and was terminated on March 14, 2017.

13. At all relevant times to this Complaint, Ms. Landry was employed by Defendants and primarily worked at the Defendants' principal places of business in Kenner, Louisiana, and later River Ridge, Louisiana.

14. Ms. Landry was also expected to work, and regularly did work, from home outside of regular business hours.

15. Ms. Landry's regular job duties included general office work including:

- Answering phones and other receptionist duties
- Generating and mailing invoices
- Organizing and dispatching trucks to jobs
- Following up with truck drivers to ensure the jobs were completed
- Responding to customer requests
- Providing paperwork and supplies to new drivers
- Performing inside sales duties and cold-calling

16. Ms. Landry worked approximately 60 hours during an average workweek. She would often begin working at 6 am to get a head start on the day, and would continue working from home until 8 pm or later. She also worked during weekends, holidays, and vacations.

17. Ms. Landry was required to use her personal cell phone for work purposes. Before and after business hours, any calls made to her desk phone were automatically transferred to her personal cell phone. She also received business e-mails on her personal phone before and after regular business hours. As a result, she was effectively "on call" twenty-four hours a day.

18. Although Ms. Landry regularly worked over 40 hours per workweek, Defendants never paid her overtime pay.

19. At no time during her employment did Ms. Landry supervise two or more full-time equivalent employees.

## COLLECTIVE ACTION CLAIMS

20. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees who worked for Defendants within three years of the date of filing this lawsuit.

21. Defendants' other office employees were likewise expected to, and did, work more than 40 hours per week without overtime pay.

22. The collective is hereby defined as:

> All individuals employed by Anchor36, LLC, Anchor36 Logistics, LLC, or Courtney Richard at any time between April 6, 2014 to the date of judgment in this action, who were not compensated at one and one-half times their regular hourly rate for work performed in excess of forty (40) hours a week. This collective does not include any truck drivers, driver's helpers, loaders, or mechanics who were employed by Defendants and whose duties affect the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce.

23. Defendants' failure to pay statutorily mandated overtime pay to the members of the collective constitutes a common practice, policy, or plan to deny overtime in violation of the FLSA.

24. Ms. Landry is similarly situated to the remaining members of the collective in that they have all been denied overtime despite working more than 40 hours in a week.

25. Plaintiff requests that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt in to this action.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME (29 U.S.C. § 207)

26. Plaintiff hereby realleges and reincorporates paragraphs 1-25.

27. The FLSA requires that employers pay nonexempt employees at a rate of at least one and one-half times their regular rate for all hours over forty in a workweek.

28. Defendants have never paid Ms. Landry overtime pay for hours worked over forty in a workweek.

29. Defendants have never paid the remaining members of the collective overtime pay for hours worked over forty in a workweek.

30. Defendants had actual and constructive knowledge that Ms. Landry and the remaining members of the collective were regularly working more than 40 hours in a week.

31. Despite this knowledge, Defendants failed to track the hours worked by Ms. Landry and the remaining members of the collective as required by law.

32. Defendants' nonpayment of overtime was willful and not based in a good faith belief that its conduct was in accordance with the law.

33. Plaintiff hereby requests a trial by jury.

**WHEREFORE**, Plaintiff and the members of the collective respectfully pray for judgment as follows:

    a. That this case be allowed to proceed as a collective action;

    b. For an award of all unpaid wages and overtime according to proof;

    c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    d. For an award of reasonable attorney's fees;

    e. For costs of suit;

    f. For injunctive and equitable relief as provided by law;

    g. For pre and post-judgment interest; and

    h. For such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Charles J. Stiegler
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
6557 West End Blvd.
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com